Per Curiam.
The facts are, that Morton formerly removed into this State from Virginia, leaving Nunnelly his agent, who, in the year 1805, obtained an attachment .against Morton, and thereupon took judgment on his account filed, stating his services and expenditures, for the sum of £52 or thereabouts. Upon this record they commenced an action of debt in this State, to which the defendant, Morton, demurred, and had judgment in the Circuit Court, which being removed to the Supreme Court of Errors and Appeals, was reversed, and judgment entered for the plaintiff, Nunnelly. Morton then filed his bill, and states as the only reason why he did not plead nil debit and try the cause upon the merits to be, that his attorney believed, as was then the prevailing opinion, that the judgment in Virginia was conclusive. It is admitted at the bar, and correctly so, that upon such a judgment that plea is sustainable ; that is to say, upon a judgment of another State, grounded upon an attachment where there is no personal notice served on the defendant, and when the property attached is of far less value than the sum adjudged. In what other cases it is also proper, this court will not now determine. This cause de *172 pends principally upon the power of this court, on the equity side, to give relief after the complainant has been sued at law, and been personally served with process, and called on to defend, and so frames his defense as to rest upon the form of the declaration; omitting to plead so as to bring the merits in question. Can he, after this, come into equity and say, I did not plead to the merits, nor direct my counsel to do so, from an apprehension that it would not be done. The court * thinks that would not be a sufficient excuse. For then this court must take cognizance of all former cases, whei’e the decision has been upon principles not recognized by after determinations. Merest reipublicce ut sit finis litivm, is a favorite maxim of this court. -Its anxiety to pi-event multiplicity of actions is upon the same ground. It is therefore opposed to the spirit of its proceedings to adopt a rule leading to such consequences. The excuse is not allowable; as it would be if a defense upon the merits were intended, and by some accident that intent had been defeated, and in such way, too, as to exclude the imputation of fault or neglect from attaching on the conduct of the complainant in equity.
See, as to mistake of law, Shute v. Buchanon, 3 Hay, 206, note sub fin. As to plea of former judgment, Armstrong v. Thompson, 3 Hay. 127, note sub fin.; King’s Digest, 2384, 9688.